UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE NITZKIN
    Plaintiff,

-vs.-                                **DEMAND FOR JURY TRIAL**

INTEGRITY SOLUTION SERVICES, INC.

    Defendant.

_____

# COMPLAINT & JURY DEMAND

Plaintiff, Julie Nitzkin, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Integrity Solution Services, Inc. which is a Missouri company that maintains registered offices in Ingham County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff's 17 year old son, Jonah Nitzkin to PayPal in the amount of $2,363.46.

7. Sometime in the summer of 2013, Defendant called Plaintiff's son, Jonah Nitzkin. When Defendant first called Jonah, Jonah said something along the lines of having his father handle the matter and hung up the phone.

8. Defendant proceeded to call Jonah Nitzkin about 10 or more times after the above conversation took place, however, Jonah did not answer the phone.

9. Despite having a valid telephone number and address on Jonah, the Defendant began to call Jonah's mother, the Plaintiff in this case, in August 201.  Mrs. Nitzkin received about 3-5 calls from Defendant. When Plaintiff spoke with Defendant, they would not give her any information regarding the debt.

10. In one conversation that Plaintiff had with Defendant, a representative promised to send information to her in the mail, however, Plaintiff never received anything from Defendant.

11. The last time that Defendant called Jonah was about three weeks ago.

12. On or about September 5, 2013, Defendant called Plaintiff's cellular phone. Defendant called using the following phone number: 858-356-5484

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq, including 15 U.S.C. §1692c(b) by communicating in connection with the collection of an alleged debt with any person other than the consumer.

18. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26.  Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

    a.  Actual damages.

    b.  Statutory damages.

    c.  Treble damages.

    d.  Statutory costs and attorney fees.

Respectfully submitted,

September 11, 2013

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 213-6397
Email – gary@micreditlawyer.com